# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

FILED
OCT 05 2026
BONNIE HACKLER
Clerk, U.S. District Court
By
Deputy Clerk

LINDA SUE WOOLMER, )
Plaintiff, )
v. ) 26-CV-055-JAR
TACO SUPREMO MANAGEMENT OKLAHOMA, L.L.C., )
Defendant. )

**OPINION & ORDER**

Defendant asks the Court to decide from the pleadings that its alleged conduct cannot support punitive damages. That conclusion is premature. Plaintiff must ultimately prove more than negligence. At this stage, however, she must plead sufficient facts, not present her evidence.

## I. FACTS OF THE CASE

Plaintiff alleges that she was injured on February 21, 2024, while leaving a Taco Bueno restaurant in Ardmore, Oklahoma. According to the Petition, Defendant managed the restaurant, Plaintiff tripped over a damaged rubber mat that did not lie flush with the ground, and Defendants had previous knowledge of the damaged mat but failed to warn her. [Dkt. No. 2-1, ¶¶ 8–16]. Plaintiff attributes her injuries to Defendants' negligence and recklessness and requests punitive damages "if appropriate." [Id., ¶¶ 21–25 & prayer for relief]. Defendant seeks judgment on the pleadings solely as to punitive damages. [Dkt. No. 23].

## II. ANALYSIS

A motion under Federal Rule of Civil Procedure 12(c) is evaluated under the same standard as a motion under Rule 12(b)(6). *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019). The Court accepts well pleaded factual allegations as true and views them in the light most favorable to the nonmoving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). A pleading must contain sufficient factual matter to state a plausible claim for relief. Labels, conclusions, and a formulaic recitation of the elements will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Punitive damages are not a separate cause of action under Oklahoma law. They are incidental to a claim for actual damages. *Gilbreath v. Phillips Petroleum Co.*, 526 F. Supp. 657, 659 (W.D. Okla. 1980). Their recovery nevertheless requires more than ordinary negligence. At a minimum, the evidence must establish reckless disregard for another's rights from which malice and evil intent may be inferred. *Badillo v. Mid Century Insurance Co.*, 121 P.3d 1080, 1106 (Okla. 2005). Reckless disregard involves awareness of, or culpable indifference to, an unnecessary and high risk of injury, accompanied by a failure to determine the gravity of the danger or reduce the risk to an acceptable level. *Thiry v. Armstrong World Industries, Inc.*, 661 P.2d 515, 518 (Okla. 1983).

Defendant emphasizes that Plaintiff does not allege it deliberately placed the mat to cause injury or intended to harm its customers. But intentional injury is not

the only basis for punitive damages. Okla. Stat. tit. 23, § 9.1(B) permits an award upon the required showing of reckless disregard. The absence of an alleged plan to injure Plaintiff therefore does not resolve her request. Neither does her description of the fall as an "accident." That word describes the event; it does not settle the character of the conduct preceding it.

The Petition's reference to "recklessness," standing alone, would not suffice. But Plaintiff also identifies the particular defect, alleges that Defendants had previous knowledge of it, and alleges that they failed to warn her before she encountered it while leaving the restaurant. [Dkt. No. 2-1, ¶¶ 12, 14–16]. Paragraph 14 does not merely allege that Defendants should have known of the damage. It alleges that they already knew.

Knowledge of a defective condition does not, by itself, establish reckless disregard. Here, however, Plaintiff alleges a damaged mat that did not lie flush with the ground, previous knowledge of that damage, and a failure to warn before she tripped over it while leaving the restaurant. Viewed together and in Plaintiff's favor, those allegations support a plausible inference of reckless disregard sufficient to survive this motion. Whether the danger and Defendant's response meet Oklahoma's higher standard for punitive damages must be determined from the evidence.

Defendant also asserts that Plaintiff would have crossed the mat when entering the restaurant. The Petition does not establish that she encountered the

same condition on entry or appreciated the danger. Defendant's assertion supplies no basis to resolve those inferences against Plaintiff on the pleadings.

The Petition's collective references to "Defendants" do not change that conclusion. It expressly identifies Taco Supremo as an entity managing the restaurant and includes it in the allegations of prior knowledge and failure to warn. [Id., ¶¶ 10, 14–16]. Those allegations give Defendant notice of the conduct attributed to it.

Defendant correctly observes that discovery cannot supply a claim missing from the pleadings. See *Ryland v. Blue Cross Blue Shield Healthcare Plan of Georgia*, No. CIV-19-807-D, 2019 WL 7195610, at *3 (W.D. Okla. Dec. 26, 2019). The Court is not allowing an inadequately pleaded request to proceed merely in the hope that discovery will rescue it. The allegations already made are sufficient to withstand this motion.

The Court's gatekeeping role requires scrutiny of the allegations now and the evidence at the appropriate stage. It does not require Plaintiff to prove her allegations in the Petition. Nor do Defendant's concerns about discovery expense establish a pleading deficiency.[1]

---

[1] Defendant cites "*Graham*, 847 P.2d at 364," without providing a full case name or complete citation. [Dkt. No. 23 at 4]. The Court addresses the gatekeeping argument as presented without relying on that incomplete citation.

## III. CONCLUSION

The Court will determine whether the evidence warrants submitting punitive damages to a jury at the appropriate stage. This Order decides only the sufficiency of the pleadings. Plaintiff must still meet Oklahoma's standard for punitive damages before that issue reaches the jury. Today's ruling permits Plaintiff to pursue that relief. It does not relieve her of the burden to prove it.

Defendant's Motion for Judgment on the Pleadings [Dkt. No. 23] is **DENIED**.

**IT IS SO ORDERED** this 5th day of October, 2026.

Jason A. Robertson
United States Magistrate Judge